UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMANDA U. AJULUCHUKU,

                **Plaintiff(s),**           **CASE NUMBER: 06-11101**
                                              **HONORABLE VICTORIA A. ROBERTS**

**v.**

**JP MORGAN CHASE & CO.,**

                **Defendant(s).**
_____/

ORDER GRANTING VOLUNTARY
DISMISSAL

This matter was transferred to the Eastern District of Michigan from the Northern District of Texas, pursuant to 28 U.S.C. §1404(a),[1] on March 1, 2006.  Judge Paul D. Stickney of the Northern District of Texas found that a transfer was appropriate "for the convenience of the parties and witnesses [and] in the interest of justice," because Plaintiff's claims arise out of events which occurred in Detroit, Michigan and the persons against whom Plaintiff's allegations are based are presumably residents of Detroit. Plaintiff, however, advises that she no longer resides in Michigan.  Therefore, she requests that the matter either be dismissed or transferred to the federal court where she currently resides, Charlotte, North Carolina.

Plaintiff has not made the requisite showing for a transfer to North Carolina.

---

[1]§1404(a) states:

    For the convenience of parties and witnesses, in the interest of justice,
    a district court may transfer any civil action to any other district or
    division where it might have been brought.

The threshold question in a decision to transfer an action to another district is whether the case "could have been brought" originally in the transferee district. *Grand Kensington, LLC v Burger King Corp*, 81 F.Supp. 2d 834, 836 (E.D. Mich. 2000); *Roth v Bank of Commonwealth*, Fed. Sec. L. Rep. (CCH) ¶96716, 1978 W.L. 1133,*1 (E.D. Mich. 1978). An action could have been brought in the transferee district if 1) the transferee court has subject matter jurisdiction; 2) venue is proper there; and 3) service of process can be made on the defendants. *Roth*, 1978 W.L. 1133 at 1. A transfer is precluded unless jurisdiction and venue can be established against *all* defendants in the transferee court. *Hoffman v Blaski,* 363 U.S. 335, 343-344 (1960); *Johnson & Johnson v Piccard,* 282 F.2d 386, 388 (1960); *Sunbelt Corp. v Noble, Denton & Assoc., Inc.,* 5 F.3d 28, 33 (3rd Cir. 1993); *Camasso v Dorado Beach Hotel Corp.,* 689 F.Supp. 384, 386 (D. Del. 1988); *Ferri v United Aircraft Corp.,* 357 F.Supp. 814, 816 (D. Conn. 1973).

Plaintiff presented no evidence that venue is proper in North Carolina or that Defendant is subject to service in that jurisdiction. Therefore, the Court **DENIES** Plaintiff's request for a transfer, but **GRANTS** Plaintiff's motion to voluntarily dismiss this action.

**IT IS SO ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 3, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on April 3, 2006.

S/Carol A. Pinegar
Deputy Clerk